**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Joel Wendland and Timothy Kauffman,**

**Plaintiffs,**

**v.**

**The MIIX Group, Inc., MIIX Insurance Company, New Jersey State Medical Underwriters, Inc., Healthcare Reinsurance Services, Inc., and Kenneth Koreyva,**

**Defendants.**

**Civil No. 00-2271 (MJD/SRN)**

**ORDER**

---

John J. Steffenhagen, Esq., and Daniel J. Ballintine, Esq., on behalf of Plaintiffs.

Michael J. Geraghty, Esq., David J. D'Aloia, Esq., Alan G. Carlson, Esq., and Jeffrey C. Brown, Esq., on behalf of Defendants and Counter Claimants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on August 20, 2001, on Defendants' Motion to Compel Initial Disclosures, Discovery, and for Other Relief (Doc. No. 14), and Plaintiffs' Motion to Compel Discovery (Doc. No. 10). In addition, Plaintiffs seek an award of attorneys' fees.

This Order addresses both of the above motions, and the request for attorneys' fees.

## I. PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Plaintiffs originally scheduled a hearing on their motion for July 19, 2001. However, this hearing was postponed to permit continuing discovery conferences in an effort to resolve these

FILED AUG 30 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

disputes. By the time of the August 20, 2001 hearing, the following issues remained unresolved: (1) interrogatories concerning communications regarding Healthcare Reinsurance Management Services, Inc. (HRMS), (2) interrogatories relating to defendants' termination of plaintiffs' employment, (3) interrogatories relating to defendants' cessation of HRMS' business, (4) interrogatories concerning defendants' counterclaims, (5) a document request concerning all medical malpractice and related reinsurance products underwritten by defendants, and (6) an interrogatory concerning defendants' affirmative defenses. These issues are addressed below.

**A. Interrogatories 3, 13, and 14: Defendants' Communications**

Plaintiffs argue that these interrogatories were drafted as narrowly as possible and only require answers regarding communications occurring from May 1999 to the present. They claim that in response to these interrogatories, defendants supplied a single box of papers with no indication of how this answered the interrogatories. Additionally, while defendants later supplemented their answers, plaintiffs maintain that those supplemental answers were merely restated versions of plaintiffs' own answers to parallel interrogatories from defendants. Finally, plaintiffs question why defendants have supplied no information concerning oral communications regarding issues relevant to piercing the corporate veil, such as HRMS' insolvency.

Defendants state that plaintiffs initially identified at least 40 people with knowledge of the subject matter. Consequently, seeking all communications by these people, defendants argue, was an extremely broad request. Counsel for defendants represents to the Court that he has made a good faith investigation of the matter, and provided adequate responses. Moreover, counsel for defendants maintains that he did not merely reformulate plaintiffs' own answers, and notes that

defendants' responses reference communications never mentioned in plaintiffs' responses.

The Court grants plaintiffs' motion regarding interrogatories 3,13, and 14. The Court acknowledges that defense counsel has represented to the Court that he investigated the issue with his clients and believes he has supplied all the information sought. Nevertheless, the Court takes note that defendants have not addressed communications relating to certain important issues, such as communications relevant to the issue of piercing the corporate veil. Consequently, the Court allows defense counsel ten days to revisit this discovery with his clients and supplement their responses.

**B. Interrogatories 15, 16, And 17: Defendants' Counterclaims And Affirmative Defenses**

Interrogatories 15, 16, and 17 required defendants to substantiate each of their affirmative defenses, and to identify each instance in which a duty or contract existed and the manner in which it was breached.

Plaintiffs state that defendants supplied equivocal responses to these interrogatories, and failed to provide the level of detail the interrogatories required. Plaintiffs take particular issue with the lack of detail concerning defendants' counterclaims, which demand in excess of $5 million.

Defendants state that both parties agreed that certain affirmative defenses spoke for themselves, and accordingly, many of their responses were quite brief. Further, although plaintiffs informed them that they would identify which affirmative defenses were not self explanatory, plaintiffs failed to do so.

The Court grants plaintiffs' motion regarding interrogatories 15, 16, and 17, and allows defendants ten days to supplement their responses with more detailed answers.

**C. Document Request 39: Documents Relating To Medical Malpractice And Related Reinsurance Underwritten By Defendants**

Plaintiffs maintain that an underwriting log, or some other summary of reinsurance underwritten by defendants, spanning the period from May 1999 to the present, is necessary to determine what additional business could have been underwritten through HRMS. Plaintiffs' compensation was based partially on a percentage of the business underwritten by HRMS. As a result, such a log or summary, plaintiffs argue, is essential for determining potential damages.

Defendants state that although plaintiffs' compensation was based on business underwritten by HRMS, defendants were never obligated to supply HRMS with business opportunities. Consequently, defendants maintain that the amount of business they themselves conducted is irrelevant. In addition, defense counsel reports to the Court that defendants possess no such summary of information.

The Court grants plaintiffs' motion regarding this document request. It seems likely that defendants would maintain this information in some summary form, as defendants themselves would need such information to carry on their business. In addition, May 1999 to the present, the time period at issue, is a reasonable amount of time for which to supply such records. If such a summary does not currently exist, it can be generated. Further, it will be less burdensome for defendants to produce a summary than to produce all of the underlying documents from which such information could be derived. Finally, the Court notes that whether or not the full volume of defendants' business will prove admissible as evidence of plaintiffs' damages at trial, the standard for discovery is broader, including not only matters which are admissible in evidence, but also those matters which appear "reasonably calculated to lead to the discovery of admissible

evidence." Fed. R. Civ. P. 26(b)(1).

The Court grants plaintiffs' motion regarding document request 39, and allows defendants ten days to supplement their responses.

**D. Attorneys' Fees**

Plaintiffs request an award of attorneys' fees in connection with this motion, pursuant to Fed. R. Civ. P. 37. Defendants, however, claim to have responded appropriately to plaintiffs' discovery requests.

The Court declines to award fees.

## II DEFENDANTS' MOTION TO COMPEL DISCOVERY

Defendants' motion concerns the following discovery: (1) initial disclosures concerning damages pursuant to Fed. R. Civ. P. 26(a)(1)(c), (2) responses to subsequent interrogatories concerning the calculation of damages, (3) responses to interrogatories concerning foregone business opportunities, (4) responses to interrogatories concerning the manner in which HRMS kept MIIX apprised of its business, and (5) interrogatories concerning affirmative defenses to defendants' counterclaims. These issues are addressed below.

**A. Plaintiffs' Initial Disclosures Concerning Damages**

Since plaintiffs provided their initial disclosures, they have subsequently supplied defendants with an expert report concerning their damages. Plaintiffs intend this report to be used as the basis of the damages calculations for all of their claims. Plaintiffs note, however, that the calculations may be altered somewhat based on additional discovery and defendants' forthcoming expert report.

The Court denies, as moot, defendants' motion concerning initial disclosures. Plaintiffs have supplied defendants with their damages calculations by way of their expert report. Therefore, there is no benefit to plaintiffs now supplementing their initial disclosures with the identical information.

**B. Defendants' Second Set Of Interrogatories Asking For Plaintiffs' Calculation Of Damages**

The Court denies, as moot, defendants' motion concerning this interrogatory. As with the initial disclosures, plaintiffs' expert report has already supplied this information.

**C. Interrogatories 1-10, 23, 25, and 29**

Plaintiffs objected to these interrogatories both because defendants failed to supply answers to parallel interrogatories, and because defendants ultimately served 36 interrogatories, thus exceeding the 35 interrogatory limit in this case. Despite plaintiffs' objections, they did supply responses. Defendants state that they are now uncertain whether plaintiffs have supplied complete answers, or whether they have withheld information based on these objections.

Plaintiffs represent to the Court that they have not withheld any information based on their objection that defendants exceeded their 35-interrogatory limit. They state that they have withheld no information except that based on objection of privilege. Plaintiffs also state that they are prepared to comply with a previous agreement with defendants to supply responses to parallel interrogatories when defendants do the same.

The Court grants defendants' motion regarding these interrogatories. Defendants are to supplement their responses to plaintiffs' parallel interrogatories within ten days, and plaintiffs are to supplement their responses within ten days thereafter.

### D. Interrogatory 13: Foregone Business Opportunities

Plaintiffs have already agreed to supplement their responses to this interrogatory.

The Court denies, as moot, defendants' motion concerning this interrogatory. Plaintiffs are to supplement their responses within ten days.

### E. Interrogatory 20: The Ways In Which Plaintiffs Kept MIIX Apprised Of The HCI Proposal

Plaintiffs' initial response to this interrogatory was to answer that "plaintiffs had ongoing phone conversations with MIIX representatives, including McDermott, regarding the HCI proposal." Defendants maintain that this answer lacks necessary details, such as with whom the plaintiffs conversed, and the essence of the information conveyed in their conversations.

The Court grants defendants' motion regarding this interrogatory. Plaintiffs are to supplement their response within ten days.

### F. Interrogatory 34: The Basis For Plaintiffs' Affirmative Defenses Numbered 1-7

Plaintiffs have already agreed to supplement their responses to this interrogatory.

The Court denies, as moot, defendants' motion concerning this interrogatory. Plaintiffs are to supplement their responses within ten days.

## III SUPPLEMENTAL BRIEFING

As a final matter, the Court requests that both plaintiffs and defendants supply supplemental briefing by August 31, 2001, concerning the proper location for plaintiffs to take the deposition of defendants' corporate representatives.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Plaintiffs' Motion to Compel Discovery (Doc. No. 10) is:

   **GRANTED** as to interrogatories numbered 3, 13, 14, 15, 16, 17, and document request number 39. Defendants have ten days in which to supplement responses;

2. Plaintiffs' request for an award of attorneys' fees is **DENIED**;

3. Defendants' Motion to Compel Initial Disclosures, Discovery, and for Other Relief (Doc. No. 14) is:

   **DENIED AS MOOT** as to initial disclosures concerning damages, the second set of interrogatories concerning damage calculations, and interrogatories numbered 13 and 34;

   **GRANTED** as to interrogatory number 20. Plaintiffs have ten days in which to supplement responses;

   **GRANTED** as to interrogatories numbered 1-10, 23, 25, and 29. Defendants have ten days in which to supplement responses to parallel interrogatories from plaintiffs. Plaintiffs have ten days thereafter in which to supplement responses.

Dated: August 29, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500