**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Joel Wendland and Timothy Kauffman,**

**Plaintiffs,**

**v.**

**The MIIX Group, Inc., MIIX Insurance Company, New Jersey State Medical Underwriters, Inc., Healthcare Reinsurance Services, Inc., and Kenneth Koreyva,**

**Defendants.**

**Civil No. 00-2271 (MJD/SRN)**

**ORDER**

---

John J. Steffenhagen, Esq., and Daniel J. Ballintine, Esq., on behalf of Plaintiffs.

Michael J. Geraghty, Esq., David J. D'Aloia, Esq., Alan G. Carlson, Esq., and Jeffrey C. Brown, Esq., on behalf of Defendants and Counter Claimants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on Defendants' Motion for Protective Order limiting Plaintiffs' deposition notices to the District of New Jersey as the location of the depositions of Catherine E. Williams, Joseph Hudson, Daniel Smereck, Thomas Redman and Kenneth Koreyva (Doc. No. 28).

This Order addresses that motion.

## I. LOCATION OF DEPOSITIONS

Plaintiffs in this case were formerly employed by Health Reinsurance Management Services (HRMS), a wholly owned subsidiary of Defendant New Jersey State Medical

FILED SEP 27 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Underwriters, Inc. After their employment was terminated, Plaintiffs brought the following claims against Defendants: (1) breach of contract for failure of HRMS to pay severance and incentive payments under their employment agreement, (2) Minnesota wage statue violations, (3) promissory estoppel, and (4) tortious interference with Plaintiffs' contract by Kenneth Koreyva, Chief Executive Officer of HRMS at the time of Plaintiffs' employment. In response, Defendants brought the following counterclaims: (1) breach of fiduciary duty, (2) breach of contract, (3) unjust enrichment, and (4) breach of the duty of loyalty.

Plaintiffs seek to depose the following four of Defendants' corporate designees, officers, and upper-level management employees, Catherine E. Williams, Joseph Hudson, Daniel Smereck, and Thomas Redman. Plaintiffs also seek to depose Kenneth Koreyva, the former CEO of HRMS, and an individual defendant in this case. The first four of these individuals maintain their principal place for business in Lawrenceville, New Jersey. The fifth, Kenneth Koreyva, is no longer employed by any of the defendant entities, and resides in Pennsylvania.

Plaintiffs seek to depose these individuals in Bloomington, Minnesota, the location of their attorneys' offices. Plaintiffs state that HRMS' only office was located in Minnesota and the bulk of its business was conducted in this forum. Further, Plaintiffs maintain that all these prospective deponents had significant connections to HRMS. Kenneth Koreyva and Thomas Redman were board members, and Catherine Williams acted as an officer and corporate secretary. While Joseph Hudson and Daniel Smereck were not formally employees of HRMS, Plaintiffs contend that they operated as the functional equivalent, by regularly dictating key aspects of HRMS' business in Minnesota.

Moreover, Plaintiffs state that Defendants have voluntarily chosen to exert permissive

counterclaims in this case, and therefore, they should be treated as plaintiffs for purposes of determining the location of depositions. Plaintiffs cite Armsey v. Medshares Management Services, 184 F.R.D. 569 (W.D. Va. 1998), as support for this proposition.

In addition, Plaintiffs contend that even if the Court determines Defendants' counterclaims to be compulsory, it would still be correct to depose these individuals in Minnesota. Again citing Armsey, Plaintiffs base this conclusion on the fact that the deponents are high level corporate employees, who conduct business in Minnesota knowing that this activity could subject them to judicial proceedings here.

As a final point, Plaintiffs note that Defendants have retained local counsel, and therefore, taking the depositions in Minnesota could eliminate both the need for counsel to travel to the deposition site, and the corresponding expenses. Because Plaintiffs have significantly fewer financial resources than Defendants, Plaintiffs' counsel argues that this final consideration is particularly significant in the instant case.

Defendants respond that these depositions should take place in Newark, New Jersey where counsel for Defendants maintain an office which is located close to the Newark International Airport. Defendants state that there is a legal presumption, when a corporation is not the plaintiff in a suit, that the deposition of such a corporation through its officers or agents should be taken at the corporation's principal place of business. Therefore, Defendants argue, Catherine Williams, Joseph Hudson, Daniel Smereck, and Thomas Redman, all of whom are officers or employees of the defendant entities, should be deposed in New Jersey, the principal place of business for their employers.

Defendants state further that the deposition of a nonresident defendant is generally taken

at the defendant's place of residence. Therefore, because Kenneth Koreyva himself is a defendant in this case, he would normally be deposed at his residence in Pennsylvania. Because Mr. Koreyva has agreed to appear for his deposition in New Jersey along with the other four deponents, however, Defendants conclude that he should be deposed there.

Defendants maintain that the counterclaims they have brought in this case should not alter the presumption that they be deposed in New Jersey. Defendants state that under Fed. R. Civ. P. 13(a) and all relevant common law interpretations, including the Eighth Circuit's, their counterclaims are compulsory rather than permissive. Thus, Defendants argue, they did not choose to bring claims in the District of Minnesota, they were instead forced to bring these claims as a result of Plaintiffs having brought their initial claims here. Consequently, Defendants conclude that their counterclaims should not alter the presumption that they be deposed where the defendant entities maintain their principal place of business. Further, Defendants note that Mr. Koreyva is not a party to any counterclaim, nor did he bring any of his own. As a result, Defendants conclude that there is no basis for his being deposed in Minnesota.

Lastly, Defendants represent to the Court that no case in this circuit applies the analysis put forth in Armsey. Moreover, Defendants contend that the instant case is factually distinguishable from Armsey in a number of ways. First, they state, the counterclaims brought in Armsey were permissive. Second, while many of the deponents in Armsey were still doing business in the forum state and regularly traveling there, none of the deponents in the instant case travel regularly to Minnesota for business. Third, because four of the deponents work at Defendants' principal place of business in New Jersey, and because New Jersey counsel has primary responsibility for defending this suit, none of the exceptional circumstances mentioned

in Armsey are present in this case.

The Court grants Defendants' Motion for Protective Order limiting Plaintiffs' deposition notices to the District of New Jersey as the location of the depositions of Catherine E. Williams, Joseph Hudson, Daniel Smereck, Thomas Redman and Kenneth Koreyva. A federal court has broad discretion to determine the appropriate location for a deposition and may attach conditions, such as the payment of expenses, as it finds appropriate. See Fed. R. Civ. P. 26(b), (c). Generally, "the examining party may set the place for the deposition of another party wherever he or she wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place." Wright, Miller & Marcus, Federal Practice and Procedure Civil 2d § 2112 (1994). However, there is a presumption that when a corporation is not the plaintiff in a suit, the deposition of such a corporation through its officers or agents should be taken at the corporation's principal place of business. See Zuckert v. Berkliff Corp., 96 F.R.D. 161 (N.D. Ill. 1982). See also Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (holding that "plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum").

The Court has explained the rationale for this presumption as follows,

> there is a well-recognized, general rule that a plaintiff is required to make itself available for a deposition in the District in which the suit was commenced, because the plaintiff has chosen the forum voluntarily, and should expect to appear there for any legal proceedings, whereas the defendant, ordinarily, has had no choice in selecting the action's venue.

Archer Daniels Midland v. Aon Risk Services, Inc.,187 F.R.D. 578, 588 (D. Minn. 1999).

While this is only a general presumption, the Court finds no circumstances sufficient to

justify disregarding it in this case. Defendants did not voluntarily choose Minnesota as a forum for their counterclaims. Rather, these were compulsory counterclaims that had to be brought in this forum. Each of Defendants' counterclaims alleges that while Plaintiffs were employed by HRMS, they failed to adequately perform their duties. These allegations are clearly related to Plaintiffs' claims that they are still owed compensation for their performance of these duties. Under the Eighth Circuit's logical relationship test, Defendants's counterclaims were thus compulsory, and they were forced to bring them here. See Tullos v. Parks, 915 F.2d 1192, 1195 (8th Cir. 1190) (applying the logical relationship test to Fed. R. Civ. P. 13(a)). Therefore, Defendants should not be treated as Plaintiffs for purposes of the location of depositions simply because they have filed counterclaims in this case, and Mr. Koreyva, who has filed no counterclaims, certainly should not.

Further, while Defendants may be wealthier than Plaintiffs, Plaintiffs are not financially incapable of sending counsel to New Jersey to take these depositions. This circuit has not chosen to burden one party with additional transportation costs simply because it is more financially capable. See Thompson v. Sun oil Co., 523 F.2d 647, 648 (8th Cir. 1975) (refusing to impose expense upon defendant company in employment discrimination claim of transporting its employees to plaintiff's home forum for depositions). Moreover, subsequent cases have understood Thompson to be a move away from an earlier practice of weighing the particular equities of each proposed deposition. See General Leasing Co. v. Lawrence Photo-graphic Supply, Inc., 84 F.R.D. 130 (W.D. Mo. 1979).

Finally, Armsey is not controlling precedent in this circuit. Furthermore, the Armsey rationale would not necessarily produce the conclusion that Plaintiffs urge in this case. The

defendant's counterclaim in Armsey, was already the subject of an existing action. Armsey 184 F.R.D._at 572. Thus, under Fed. R. Civ. P. 13(a), the defendants were not forced to bring their counterclaim in the forum state, rather, they chose that location themselves. As explained earlier, this was not the case for the present Defendants, who were forced to bring their counterclaims in this forum.

It is also significant, that the present case is more factually similar to subsequent cases distinguishing themselves from Armsey, than it is to Armsey itself. See e.g. Rapoca Energy Co., L.P. v. Amci Export Corp., 199 F.R.D. 191, 193 (W.D. Va. 2001) (declining to follow Armsey because corporate defendant did not maintain offices or businesses in the Western District of Virginia, nor did majority of deponents regularly travel there). Hence, this final rationale from Armsey, should not apply given the facts of the instant case.

**THEREFORE, IT IS HEREBY ORDERED that:**

Defendants' Motion for Protective Order limiting Plaintiffs' deposition notices to the District of New Jersey as the location of the depositions of Catherine E. Williams, Joseph Hudson, Daniel Smereck, Thomas Redman and Kenneth Koreyva (Doc. No. 28) is **GRANTED**:

Dated: September 27, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500