**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Joel Wendland and Timothy Kauffman,**

**Plaintiffs,**

**v.**

**The MIIX Group, Inc., MIIX Insurance Company, New Jersey State Medical Underwriters, Inc., Healthcare Reinsurance Services, Inc., and Kenneth Koreyva,**

**Defendants.**

**Civil No. 00-2271 (MJD/SRN)**

**ORDER**

---

John J. Steffenhagen, Esq., and Daniel J. Ballintine, Esq., on behalf of Plaintiffs.

Michael J. Geraghty, Esq., David J. D'Aloia, Esq., Alan G. Carlson, Esq., and Jeffrey C. Brown, Esq., on behalf of Defendants and Counter Claimants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on Defendants' Motion for Protective Order to Quash Plaintiffs' Second Set of Interrogatories (Doc. No. 33).

This Order addresses that motion.

## I. DEFENDANTS' MOTION

### A. Background.

Plaintiffs in this case were formerly employed by Health Reinsurance Management Services (HRMS), a wholly owned subsidiary of Defendant New Jersey State Medical

FILED OCT 09 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Underwriters, Inc. After their employment was terminated, Plaintiffs brought the following claims against Defendants: (1) breach of contract for failure of HRMS to pay severance and incentive payments under their employment agreement, (2) Minnesota wage statue violations, (3) promissory estoppel, and (4) tortious interference with Plaintiffs' contract by Kenneth Koreyva, Chief Executive Officer of HRMS at the time of Plaintiffs' employment. In response, Defendants brought the following counterclaims: (1) breach of fiduciary duty, (2) breach of contract, (3) unjust enrichment, and (4) breach of the duty of loyalty.

The January 9, 2001 Pretrial Scheduling Order makes the following provision regarding interrogatories: "[n]o more than 35 interrogatories [counted in accordance with Fed. R. Civ. P. 33(a)] shall be served by any party." On April 4, 2001, Plaintiff Joel Wendland served 17 interrogatories on Defendants, and Plaintiff Timothy Kauffman served 2 interrogatories on Defendants. On August 17, 2001, Plaintiff Kauffman served a second set of 12 interrogatories on Defendants. In response, Defendants brought the present motion.

Defendants state that Mr. Kauffman's second set of interrogatories exceed the numerical limit set in the January 9, 2001 Pretrial Scheduling Order. Defendants maintain that "throughout discovery plaintiffs and defendants have construed the Scheduling Order as permitting each side, as opposed to each party, to serve 35 interrogatories in accordance with Rule 33(a)." Defendants contend that many of Plaintiff Wendland's initial 17 interrogatories contained discrete subparts, and so actually consisted of more than 17 interrogatories when counted in accordance with Fed. R. Civ. P. 33(a). Further, Defendants argue that Mr. Kauffman's second set of 12 interrogatories also contain several discrete subparts. Specifically, Defendants state that Interrogatories No. 1 and 2, requiring Defendants to explain the basis for each instance in which they did not admit an

allegation in the complaint or did not admit any of Plaintiffs' 25 requests for admission, effectively contain multiple subparts, and therefore significantly exceed the 35-interrogatory limit. Defendants state that Plaintiffs are attempting to transform each of their requests for admission into a single interrogatory. Consequently, Defendants argue that Plaintiffs are attempting to circumvent the numerical limit in the Court's Pretrial Scheduling Order.

In addition, Defendants cite Lawrence v. First Kansas Bank & Trust Co., 169 F.R.D. 657 (D. Kan. 1996), as standing for the proposition that an unreasonable burden is placed on a party "who must answer [an] interrogatory asking [the] party to provide 'all' facts in support of its denials of allegations pled by plaintiff." Defendants conclude from Lawrence, that Interrogatory No. 1 places an unreasonable burden upon them.

Plaintiffs respond that they have not exceeded the numerical limit on interrogatories, and Mr. Kauffman's interrogatories do not place an unreasonable burden on Defendants. Plaintiffs state that the plain wording of the Pretrial Scheduling Order limits each party, rather than each side, to 35 interrogatories. With regard to Plaintiff Kauffman's first set of 2 interrogatories, Plaintiffs state that these were both limited to the finite issue of the identification of claims against Mr. Kauffman himself, and thus can not be counted as more than 2.

Plaintiffs explain that Mr. Kauffman's second set of interrogatories was necessary for two reasons. First, Plaintiffs contend that at the time these interrogatories were served, Defendants had not yet provided basic necessary information via answers to earlier interrogatories and had supplied "boilerplate denials" of Plaintiffs' requests for admission. Second, Plaintiffs state that depositions would have been the only alternative to these interrogatories, and that Plaintiffs' attorney would then have been forced to travel to New Jersey to take the depositions. Plaintiffs

maintain that their limited finances make such an alternative exceedingly difficult.

Plaintiffs also explain that Mr. Kauffman's second set of interrogatories are straightforward and void of multiple subparts. Thus, each interrogatory should count only as a single one. In short, Plaintiffs maintain that Defendants have not been forthcoming with responses to initial discovery requests or requests for admission, and have made the taking of depositions a cost-prohibitive alternative. Therefore, Plaintiffs conclude that Mr. Kauffman's second set of interrogatories is a reasonable means for them to obtain the information they sought, but were denied, through previous attempts.

As a final note, Plaintiff Kauffman requests an award of his attorneys' fees pursuant to Fed. R. Civ. P. 37, "given the disparity in the parties' resources and the hoops which defendants have erected during discovery to date."

**B. <u>Discussion.</u>**

The Court denies Defendant's Motion for a Protective Order. The January 9, 2001 Pretrial Scheduling Order permits 35 interrogatories per party, not per side. Hence, Plaintiffs are entitled to serve 70 interrogatories, and Mr. Kauffman is entitled to serve 35 himself. The Court acknowledges that both case law and Fed. R. Civ. P. 33(a) provide that discrete subparts count as separate interrogatories regardless of how they are numbered or presented. Consequently, Interrogatories No. 1 and 2, requiring the basis for Defendants' refusal to admit multiple requests for admission and allegations from Plaintiffs' Complaint, actually qualify as more than two interrogatories.

In combining Mr. Kauffman's second set of interrogatories with both Plaintiffs' initial interrogatories, the Court acknowledges that Plaintiffs may have exceeded their limit of 70.

Nevertheless, cost is a significant issue for Plaintiffs in this case, and they have attempted to conduct otherwise permissible discovery in an inexpensive manner. Therefore, the Court will permit these interrogatories as a fair way for Plaintiffs to elicit necessary information, but neither Plaintiff will be permitted any additional interrogatories. The Court also declines to award Plaintiff Kauffman attorneys' fees in this matter.

In response to Defendants' objection based on undue burden, the Court has examined Lawrence and the cases which followed it, and finds that they do not require the conclusion that Interrogatories No. 1 and 2 place an undue burden on Defendants. The Lawrence line of cases detailed the nature of the undue burden produced by interrogatories designed to follow requests for admissions and denials of allegations. In Safeco of America v. Rawstron, 181 F.R.D. 441, 448 (C.D. Cal. 1998), the Court employed the following reasoning,

> Consideration of the requests for admission confirms this impression. For example, request for admission 10 asks Plaintiff to '[a]dmit that in YOUR underwriting process of the INSURANCE CONTRACT, YOU underwrite the following coverages separately from each other: dwelling, other structure, personal property, and loss of use. The term 'insurance contract' is not defined in the materials the parties have presented to the Court with the definition section, if any, contained in their set of requests for admissions. Therefore, it must be assumed that the term 'insurance contract' is not limited to the particular contract issued to defendants, and that instead defendants are seeking an admission regarding plaintiff's underwriting of homeowners policies generally. . . . Defendants' counsel should have considered these practical problems before serving such broad discovery requests, rather than waiting until the inevitable objections were received before trying to salvage the requests by limiting them to what is really needed.

Following this logic, one court has concluded generally that, "[i]nterrogatories should not require the answering party to provide a narrative account of its case. *Hilt*, 170 F.R.D. at 187-88;

*Lawrence*, 169 F.R.D. at 662. They should not duplicate initial disclosures. *Hilt*, 170 F.R.D. at 187-88; *Lawrence*, 169 F.R.D. at 662, 664. The Court will generally find them overly broad and unduly burdensome on their face to the extent they ask for 'every fact' which supports identified allegations or defenses. *See Lawrence*, 169 F.R.D. at 661-62; *IBP, Inc.*, 179 F.R.D. at 320-22." Hiskett v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D. Kan. 1998). And finally, one court has explained that "there comes at some point a reasonable limit against indiscriminately hurling interrogatories at every conceivable detail and fact which may relate to a case." Hilt v. SFC Inc., 170 F.R.D. 182, 186-87 (D. Kan. 1997).

The Court acknowledges the sound reasoning of this line of cases, but notes that Plaintiffs in the instant case have displayed none of the indiscriminate or careless behavior that was the subject of those courts' rebuke. Further, Interrogatories No. 1 and 2 do not demand as extensive a response as the interrogatories involved in those cases. Plaintiffs' initial complaint and requests for admissions were sufficiently detailed so that Defendants were not forced to assume that they aimed at all of Defendants' business practices generally. Further, Mr. Kauffman has not demanded that Defendants supply every fact that supports a denial of Plaintiffs' requests for admission and allegations in their complaint. Instead, his interrogatories request a detailed basis for these denials. This distinction is clearly relevant given that the Court in Hiskett would not allow a demand for "every fact", but took care to state that "[i]nterrogatories may, however, properly ask for the 'principal or material' facts which support an allegation or defense." 180 F.R.D. at 405.

Therefore, the Court permits Mr. Kauffman's second set of interrogatories. Plaintiffs have conducted discovery in an entirely reasonable manner. These interrogatories are not an

attempt to unduly burden Defendants, or to require that Defendants produce a complete inventory of all the evidence, or "a narrative account of its case." They are instead an attempt to elicit essential information to which Plaintiffs are entitled, in a cost-effective manner. The Court finds Plaintiffs' attempts to minimize costs through written means of discovery to be commendable, and accordingly denies Defendants' Motion for a Protective Order.

**THEREFORE, IT IS HEREBY ORDERED that:**

Defendants' Motion for Protective Order to Quash Plaintiffs' Second Set of Interrogatories (Doc. No. 33) is **DENIED**:

Dated: October 9, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge