UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOEL WENDLAND and TIMOTHY KAUFFMAN,<br><br>Plaintiffs,<br><br>v.<br><br>THE MIIX GROUP, INCORPORATED, MIIX INSURANCE COMPANY, NEW JERSEY STATE MEDICAL UNDERWRITERS, INC., HEALTHCARE REINSURANCE SERVICES, INC., and KENNETH KOREYVA,<br><br>Defendants/Counterclaimants. | Court File No. 00-2271 (MJD/SRN)<br><br>**STIPULATION AND PROTECTIVE ORDER** |

This matter having been brought before the Court on application of Merchant & Gould (Jeffrey C. Brown, Esq.) and Michael J. Geraghty, Esq., admitted pro hac vice, attorneys for defendants, for an Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, preserving the confidentiality of certain designated information and documents produced by any of the parties during the course of discovery, and Larkin, Hoffman, Daly & Lindgren, Ltd., (John J. Steffenhagen, Esq.), attorneys for plaintiffs, having stipulated to the execution of this Protective Order, and good cause having been shown, **IT IS HEREBY ORDERED:**

1. This Protective Order shall apply to all materials, including any copies thereof, that the parties may designate in good faith as confidential which contain information that is appropriate for such designation in this action (hereinafter "Confidential Material"). Confidential Material shall be designated by stamping, writing or affixing the word

FILED NOV 1 6 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

"CONFIDENTIAL" on each document or copy thereof. The parties may designate as Confidential Material information contained in (a) answers to interrogatories or responses to requests to admit; (b) transcripts of depositions of plaintiffs or defendants including the present or former officers, directors, employees, agents and representatives of the defendant entities; (c) documents produced by the parties or any of the former officers, directors, employees, agents and representatives of the defendant entities in response to requests for production of documents, subpoena duces tecum or otherwise; or (d) any other information disclosed by the parties in this action designated confidential business information; and it is

2. Confidential Material shall only be used for the purposes of this litigation and shall not be delivered, exhibited, displayed or disclosed to any person except to (a) plaintiffs' attorneys of record, including their partners, associates and their secretarial, paralegal or clerical employees; (b) court reporters or stenographers utilized in connection with any deposition in this litigation and their employees; (c) the Court, including its authorized personnel; and (d) the parties, any non-party witnesses and proposed expert witnesses on behalf of the parties provided that, before any documents are provided to the parties, any non-party witnesses or proposed expert witnesses, he or she signs an undertaking in the form attached hereto as Exhibit A and a copy of that undertaking is provided to the counsel who produced the Confidential Material ("producing counsel").

3. In the event that Confidential Material is sought to be used at a deposition in this action, producing counsel may request all persons, except persons entitled to receive such documents or information pursuant to this Protective Order, to leave the room where the deposition is taking place until the completion of an answer or answers containing or derived from such Confidential Material. Immediately after transcribing any deposition in which any

testimony or information was designated Confidential Material, the reporter shall mark the face of the deposition transcript "CONFIDENTIAL." Producing counsel thereafter shall provide all other counsel with a list, in writing within thirty (30) days of the date on which it receives the transcript, of all portions of the deposition transcript that contain Confidential Material. Until counsel receives that list, the entire transcript shall be deemed to contain Confidential Material. If producing counsel fails to provide the list described in this paragraph within the time period set forth herein, then it will have been deemed to waive the confidentiality of the deposition transcript.

4. All copies of documents comprising or containing Confidential Material and all transcripts of testimony and copies of Court-filed papers containing Confidential Material, other than those on file with the Court, shall be kept only in the possession of the attorneys of record in this litigation.

5. Except as provided herein, no person or entity shall disseminate, display or disclose the substance of any Confidential Material to any other person or entity.

6. In addition to Confidential Material, this Protective Order shall apply to all writings and notes made from or reflecting information contained in Confidential Material. Moreover, copies, duplicates, extracts, summaries, or descriptions of Confidential Material shall not be made except as may be appropriate in connection with the pretrial proceedings and trial of this action and any appeals. Any such copies, duplicates, extracts, summaries, or descriptions shall be marked with the legend "CONFIDENTIAL" and shall be treated as Confidential Material subject to all of the terms and conditions of this Protective Order.

7. Producing counsel may notify other counsel that documents or other information that should have been designated as containing Confidential Material were

inadvertently produced without being designated as such. Upon receiving such notice from producing counsel, other counsel shall immediately treat the documents as if they had been designated as Confidential Material and place the legend "CONFIDENTIAL" on all such documents, copies thereof and information derived therefrom.

8. All Confidential Material filed with the Court, or any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed in sealed envelopes or other appropriate containers on the outside of which shall be placed the words "CONFIDENTIAL MATERIAL" and "RESTRICTED ACCESS BY COURT ORDER" as an indication of the nature of its contents. The Clerk of the Court is directed to maintain under seal all Confidential Material filed in this action.

9. The provisions of this Protective Order shall survive the termination of this litigation. Upon termination of this action, whether by judgment, settlement or otherwise, all persons to whom Confidential Material has been disclosed pursuant to this Protective Order shall certify, in writing, to producing counsel that all Confidential Material has been destroyed except that counsel to whom Confidential Material has been provided may continue to maintain this information and documents in accordance with the terms and conditions of this Protective Order.

10. Counsel may notify producing counsel that they do not agree with producing counsel's designation of documents or other material as Confidential Material. The parties shall then attempt in good faith to resolve this dispute without the need of intervention from the Court. If good faith efforts to resolve this dispute are unsuccessful, the party to whom Confidential Material is produced may make an application to the Court seeking to have this Court remove the confidential designation of these documents or other materials provided,

however, that the burden of demonstrating confidentiality shall be borne by producing counsel.

11. The parties further agree that the United States District Court for the District of Minnesota shall retain jurisdiction of this matter so as to resolve any dispute arising in connection with this Protective Order, whether before or after the termination of this action.

Dated: November 15, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

We hereby consent to the
entry of this Stipulation
and Protective Order

Michael J. Geraghty
SAIBER SCHLESINGER SATZ
& GOLDSTEIN, LLC
Attorneys for Defendants
One Gateway Center, 13th Floor
Newark, New Jersey 07102
(973) 622-3333

Jeffrey C. Brown
MERCHANT & GOULD
Attorneys for Defendants
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
(612) 332-5300

John J. Steffenhagen
LARKIN, HOFFMAN, DALY
& LINDGREN, LTD.
Attorneys for Plaintiffs
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Bloomington, Minnesota 55431-1194
(952) 835-3800

**EXHIBIT A**

UNDERTAKING TO ABIDE BY PROTECTIVE ORDER

I, ______________________________, declare that:

1. My address is __________________________________.

2. My present employer is and the address of my present employer is

___________________________________________.

3. My present occupation or job description is

______________________________________________________________.

4. I have received a copy of the Stipulation and Protective Order ("Protective Order") in this action.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all provisions of the Protective Order.

7. I will hold in confidence, will not disclose to anyone not permitted under the Protective Order, and will use only for purposes of this action and for no other purpose at all whatsoever any Confidential Material disclosed to me.

8. I will return all Confidential Material which comes into my possession and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed, retained or associated.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct. Executed on ____________, 2001

NOV 16 2001

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.